KYLE P. SCHNEBERG (SBN 239325)
   SCHNEBERG LAW PC
   3828 W. Carson St., Ste. 100
   Torrance, CA 90503
   Telephone Number: (310) 359-9090
   Fax Number: (310) 873-3039
   Email Address: kyle@schneberglaw.com

ERICH C. FERRARI (DC SBN 978253, Pro Hac Vice Application Pending)
   FERRARI & ASSOCIATES
   1455 Pennsylvania Ave., NW, Suite 400
   Washington, D.C. 20004
   Telephone Number: (202) 280-6370
   Fax Number: (877) 448-4885
   Email Address: ferrari@falawpc.com
*Attorneys for Plaintiffs Behzad Ferdows and Mehrzad Ferdows*

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BEHZAD FERDOWS; MEHRZAD FERDOWS,<br><br>        Plaintiffs,<br><br>vs.<br><br>OFFICE OF FOREIGN ASSETS CONTROL; ANDREA M. GACKI, Director of OFAC, in her official capacity,<br><br>        Defendants. | Case No.: 2:20-cv-10156<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

Plaintiff Mehrzad Ferdows and Behzad Ferdows ("Plaintiffs") bring this Complaint for Declaratory and Injunctive Relief against Defendants the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its Director, Andrea M. Gacki, in her official capacity, and in support of this complaint allege:

1.     Defendants have utilized the devastating power of U.S. sanctions to unlawful effect by targeting Plaintiffs and shattering their livelihood and reputation without lawful cause.

2.     On September 21, 2020, suddenly and without prior notice, OFAC designated Plaintiffs under Executive Order ("E.O.") 13382 for purportedly acting for or on behalf of an entity that was itself targeted for sanctions in the same designation action. This designation resulted in the imposition of sanctions on Plaintiffs—the effect of which has been to institute an international boycott on them.

3.     By designating Plaintiffs, Defendants violated constitutional norms and statutory requirements. First, Defendants failed to provide fair notice of conduct sanctionable under E.O. 13382 in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution when they designated Plaintiffs for acting on behalf of an entity that was not itself subject to sanctions. This same failure also contradicted the clear import of E.O. 13382's text, which renders sanctionable acting for or on behalf of *sanctioned* parties, making Defendants' action in

2

contravention of the requirements of the Administrative Procedure Act ("APA"). In addition, through their imposition of blocking sanctions, Defendants caused the blocking and effective seizure of Plaintiffs' U.S. properties in violation of the Fourth Amendment to the U.S. Constitution.

4.      Defendants did not merely violate constitutional and statutory requirements in undertaking its designation action, however. Defendants also failed to provide any supportable factual basis to find that either Plaintiffs or Mammut Industrial Group engaged in sanctionable conduct under E.O. 13382. Indeed, in their rush to take aggressive action against Iran, Defendants have exhibited a total lack of care and concern for the facts of this case and have leveled unsubstantiated accusations at the Plaintiffs, which—even if accepted as true—would still not demonstrate that Plaintiffs engaged in sanctionable behavior.

5.      Further, Defendants have impaired Plaintiffs' ability to respond to the allegations purportedly in support of their designations, as the factual basis for OFAC's decision to designate Plaintiffs has been obscured. Indeed, Defendants have not released any information regarding the basis for the designation other than the legal criterion under E.O. 13382 for which Plaintiffs were designated.

6.      Defendants possess an evidentiary memorandum that sets out the information reviewed by OFAC in making its designation decision and provides the reasoning by which OFAC came to determine that Plaintiffs meet the criteria for

designation under E.O. 13382. Defendants have not disclosed this evidentiary memorandum to Plaintiffs nor provided alternative means by which they can understand the basis of their designation.

7.    The consequences of Defendants' unlawful action have been personally devastating for both Plaintiffs. Specifically, Plaintiffs have long maintained substantial connections to the United States having studied here, owned properties here, raised children who went to school here, and having traveled frequently here. Since their designations, however, they have been effectively barred from travel to the United States; have had their U.S. properties and assets blocked by Defendants; and are at risk of civil and criminal liability should they engage in dealings, intended or not, with any U.S. person anywhere in the world. The punitive repercussions of their unlawful designations severe Plaintiffs entirely from the United States and deprive them of their property and other interests here.

8.    Looking abroad, the effect of Defendants' unlawful action is no less chilling. Plaintiffs' designations have left them international pariahs, as transactions or dealings with them anywhere in the world and by any person, company, or bank could expose those parties to sanctions. This not only risks destroying businesses that Plaintiffs have spent their life building, but also undermines their ability to sustain their own livelihoods, as the simplest of activities—maintaining bank

4

accounts, procuring basic services, etc.—are now made difficult, if not impossible, as a result of Defendants' action.

9.     Plaintiffs seek to mitigate the harm done by Defendants' unlawful action. To do so, they turn to this Court, seeking immediate relief from Defendants' sanctions and an order requiring Defendants to act consistent with constitutional and statutory requirements.

## JURISDICTION AND VENUE

10.     This action arises under the United States Constitution, the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

11.     This Court may grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and Fed. R. Civ. P. 57. This Court may grant injunctive relief pursuant to Fed. R. Civ. P. 65.

12.     Venue is proper in the Central District of California as this is the district in which a substantial portion of property subject to this action is located. *See* 28 U.S.C. §§ 1391(b) and (e).

*///*

## THE PARTIES

13.     Behzad Ferdows is and was at all times relevant to this complaint a citizen of Germany and Iran and a resident of Austria and the United Arab Emirates.

14.     Behzad Ferdows is an international businessman who studied in the United States at the high school level at the Hun School of Princeton in Princeton, New Jersey and at the university level at the University of Southern California. Mr. Ferdows owns an apartment in Los Angeles, CA and maintains a bank account at a U.S. branch of First Century Bank located in Los Angeles, CA.

15.     Mehrzad Ferdows is and was at all times relevant to this complaint a citizen of Germany and Iran.

16.     Mehrzad Ferdows is an international businessman who studied in the United States at the high school level at Beverly Hills High School in Beverly Hills, California and at the university level at the University of Southern California. Mr. Ferdows holds a U.S. tourist visa and travels to the United States on a frequent basis, including twice within the prior twelve months. Mr. Ferdows owns an apartment in Los Angeles, CA and maintains bank accounts at U.S. branches of First Century Bank and Bank of America, both located in Los Angeles, CA.

17.     Mehrzad Ferdows is a recipient of the Federal Cross of Merit—the sole federal decoration in Germany—which he received in 2009 and is provided to

6

Germans and foreigners contributing to the Federal Republic of Germany through contributions in the fields of political, socio-economic, and intellectual activity.

18.     OFAC is a federal administrative agency of the United States Department of the Treasury and is located at 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington, D.C. 20220. OFAC is responsible for administering U.S. economic sanctions programs, including by designating persons under E.O. 13382 and regulating dealings with them via 31 C.F.R. Part 501, the "Reporting, Procedures, and Penalties Regulations," and 31 C.F.R. Part 544, the "Weapons of Mass Destruction Proliferators Sanctions Regulations." OFAC was responsible for designating Plaintiffs pursuant to E.O. 13382.

19.     Defendant Andrea M. Gacki is the Director of OFAC. In this role, Ms. Gacki was responsible for designating Plaintiffs pursuant to E.O. 13382.

## FACTUAL ALLEGATIONS

### A.     Executive Order 13382

20.     On June 28, 2005, President George W. Bush issued E.O. 13382, "Blocking Property of Weapons of Mass Destruction Proliferators and Their Supporters" pursuant to his authority under IEEPA.

21.     E.O. 13382 blocks the property and interests in property of persons determined by the Secretary of the Treasury, *inter alia*, to have provided, or attempted to provide, financial, material, technological, or other support for, or

goods or services in support of, or to be acting or purporting to act for or on behalf of any person blocked pursuant to E.O. 13382. Exec. Order 13382, § 1(a)(iii)-(iv) (June 28, 2005).

22.     Transactions or dealings by a U.S. person or within the United States in property or interests in property of a person blocked by E.O. 13382 is prohibited under that authority. This includes a prohibition on the making of any contribution or provision of funds, goods, or services by, to, or for the benefit of, a blocked person, as well as the receipt of any contribution or provision of funds, goods, or services from a blocked person. Exec. Order 13382, § 1(b) (June 28, 2005).

23.     Persons designated pursuant to E.O. 13382 are identified on OFAC's Specially Designated Nationals and Blocked Persons List ("SDN List") with the associated tag "[NPWMD]." NOTE 1 to 31 C.F.R. § 544.201 (April 13, 2009).

**B.     Plaintiffs' Designations Under Executive Order 13382**

24.     On September 21, 2020, OFAC designated Plaintiffs under E.O. 13382 for acting or purporting to act for or on behalf of Mammut Industrial Group, an entity that was simultaneously designated pursuant to E.O. 13382. Notice, U.S. Dep't of Treasury, Office of Foreign Assets Control, 85 Fed. Reg. 60519 (Sept. 25, 2020).

25.     In OFAC's press release announcing these designations, Plaintiffs were alleged to be shareholders of Mammut Industrial Group, and Mehrzad Ferdows was additionally alleged to serve as the entity's Chief Executive Officer ("CEO"). Press

Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, Treasury Sanctions Key Actors in Iran's Nuclear and Ballistic Missile Programs (Sept. 21, 2020).

26.   Mammut Industrial Group was not a blocked person under E.O. 13382 prior to Plaintiffs' own designation under that authority.

### C.   Mammut Industrial Group's Designation Under Executive Order 13382

27.   Mammut Industrial Group was designated on September 21, 2020— simultaneous with the designation of Plaintiffs. *Id*. According to OFAC's press release, Mammut Industrial Group was designated under E.O. 13382 for having provided, or attempted to provide, financial, material, technological or other support for, or goods or services in support of Shahid Hemmat Industrial Group ("SHIG"), an entity blocked pursuant to E.O. 13382. *Id*. OFAC alleged that Mammut Industrial Group "has supported the production of ballistic missile equipment for Iran's [Aerospace Industries Organization] and specifically, [SHIG], Iran's primary developer of liquid propelled missiles." *Id*. OFAC further alleged that, "[a]s of late-2019, Mammut Industries continued to support SHIG's production of ballistic missile equipment." *Id*.

28.   OFAC's press release does not identify the manner in which Mammut Industrial Group is alleged to support the production of ballistic missile equipment.

Further, Plaintiffs have not been provided any indication how the entity for which they are purported to act for or on behalf of itself provided support to the Shahid Hemmat Industrial Group, a blocked person under E.O. 13382.

### D.    Harm to Plaintiffs

29.    Defendants' action has been personally devastating to Plaintiffs, as they have been made the subject of an international boycott and have lost access to their U.S. properties and assets. The legal, economic, and reputational harms caused by Defendants' unlawful action is immeasurable, as Plaintiffs have had their good names tied, falsely and arbitrarily, to Iran's nuclear and ballistic missile programs. Further, through their action, Defendants have severed Plaintiffs entirely from the United States; put at serious risk their ability to carry out their businesses in the future; and undermined their ability to sustain their very livelihoods.

#### i.    Legal Harm

30.    By virtue of their designations, all of Plaintiffs' property and interests in property in the United States or within the possession or control of U.S. persons are blocked, and U.S. persons are generally prohibited from engaging in transactions with them. Exec. Order 13382, § 1(a)-(b) (June 28, 2005); 31 C.F.R. § 544.201 (April 13, 2009).

31.    Plaintiffs are also at risk of being civilly and criminally liable for engaging in violations of IEEPA—specifically, for causing U.S. persons to deal in

property in which they hold an interest. *See, e.g.*, 50 U.S.C. § 1705(a)-(b). Plaintiffs have extensive U.S. property interests, including rental properties, and are thus at heightened risk of being subject to these laws.

32.     Persons who engage in transactions or dealings with Plaintiffs, anywhere in the world, risk sanctions exposure under E.O. 13382, as Defendants may determine that such persons are engaged in activities that meet the criteria for designation under that legal authority.

33.     As Iranian persons, Plaintiffs are subject to certain additional sanctions laws and regulations targeted at Iranian persons on OFAC's SDN List. For instance, under Executive Order 13846, persons determined to have materially assisted, sponsored, or provided financial, material, or technological support for, or goods or services in support of, Iranian persons included on OFAC's SDN List are subject to blocking sanctions. Exec. Order 13846, §§ 1(a)(ii)-(iii) (Aug. 6, 2018). In addition, foreign banks determined to have knowingly conducted or facilitated any significant financial transaction on behalf of Iranian persons included on OFAC's SDN List may be excluded entirely from the U.S. financial sector. Exec. Order 13846, § 2(a)(ii) (Aug. 6, 2018).

ii.     Personal Harms

34.     Defendants' unlawful action has had significant personal harm to both Plaintiffs, including financial, social, and reputational harms. This includes the

blocking of their real properties in the United States; the blocking of their financial accounts in the United States, the assets of which total in the millions of dollars; the effective prohibition on travel to the United States; making all transactions with them sanctionable, including transactions abroad; and the evisceration of their good names through a false association with Iran's nuclear and ballistic missile programs.

a. U.S. Properties and Assets

i. Mehrzad Ferdows

35. Mehrzad Ferdows owns the property located at 2220 Avenue of the Stars, Unit 1601, Los Angeles, CA 90067. This property has an estimated value of $2,000,000.00 USD. At the time of his designation, Mr. Ferdows rented out this property and received rental income from the property totaling $7,500.00 USD per month. As a result of his designation, this property is blocked, and Mr. Ferdows is unable to rent it out or otherwise make use of it. Moreover, the property is subject to a Homeowners Association ("HOA") agreement, and—because Mr. Ferdows is unable to make payments with respect to that agreement as the result of his designation—Mr. Ferdows risks having the property placed into foreclosure.

36. Mr. Ferdows maintains bank accounts in the United States, all of which are blocked as a result of his unlawful designation by OFAC. Mr. Ferdows maintains an account with First Century Bank at its branch located at 1875 Century Park E, Los Angeles, CA 90067. This account has a current balance of more than

12

$2,000,000.00 USD. The account and the funds held therein are blocked as a result of Mr. Ferdows' designation, and he is prohibited from accessing the account or his funds held therein.

37.     Mr. Ferdows also maintains an account with Bank of America at its branch located at 468 N. Beverly Drive, Beverly Hills, CA 90210. This account has a current balance of more than $50,000.00 USD. The account and the funds held therein are blocked as a result of Mr. Ferdows' designation, and he is prohibited from accessing the account or his funds held therein.

38.     Because of his designation, Mr. Ferdows is effectively unable to travel to the United States. Mr. Ferdows maintains a U.S. visa set to expire on March 1, 2026. He has used this visa to enter the United States more than fifteen times over the past five years and has visited the United States twice in the past year. The dates of his most recent travels are: December 12-15, 2019 in Los Angeles, CA; December 4, 2019 in Los Angeles, CA; November 21-24 to New York, NY; and October 25-November 1, 20219 in Los Angeles, CA.

39.     Mr. Ferdows maintains a close connection to the United States beyond that of his U.S. properties and assets and his frequent travels. Mr. Ferdows studied in the United States, graduating from a U.S. high school and from the University of Southern California ("USC") while resident in the United States. Mr. Ferdows also has two children who attended high school in the United States and graduated from

13

U.S.-based universities: Loyola Marymount University and California State University, Northridge. Mr. Ferdows paid for his children's schooling and living expenses while they attended school in the U.S. Mr. Ferdows' connections to the United States thus go back decades and extend across generations. Defendants' unlawful actions have severed Mr. Ferdows entirely from the United States—rendering most transactions or dealings in the United States with respect to him prohibited—and have thus sought to negate and deprive him of his long-standing interests in the United States.

ii.   Behzad Ferdows

40.   Behzad Ferdows owns real property located at 2222 Avenue of the Stars, Unit 2601, Los Angeles, CA 90067. This property has an estimated value of $2,200,000.00 USD. As a result of his designation, this property is blocked, and Mr. Ferdows is unable to access it. Moreover, the property is subject to a Homeowners Association ("HOA") agreement, and—because Mr. Ferdows is unable to make payments with respect to that agreement as the result of his designation—he risks having the property placed into foreclosure.

41.   Mr. Ferdows also maintains financial accounts in the United States, which have been blocked as a result of his unlawful designation by OFAC. Specifically, Mr. Ferdows maintains an account with First Century Bank at the branch located at 1875 Century Park E, Los Angeles, CA 90067. This account has a

14

current balance of more than $2,000.00 USD. The account and the funds are blocked as a result of Mr. Ferdows' designation, and he is prohibited from accessing them.

42.     Mr. Ferdows maintains a close connection to the United States beyond just his U.S.-based properties and assets. Mr. Ferdows studied in the United States, graduating from high school and from the University of Southern California ("USC") while resident in the United States. His eldest child also graduated from high school in the United States and attended and graduated from USC. Mr. Ferdows paid for his children's schooling and living expenses while they attended school in the U.S. Mr. Ferdows' connections to the United States thus go back decades and extends across generations. Defendants' unlawful actions have severed Mr. Ferdows entirely from the United States—rendering most transactions or dealings in the United States with respect to him prohibited—and have thus sought to negate and deprive him of his long-standing interests in, and connections to, the United States.

b.     Economic Harms

43.     Defendants' unlawful actions have had a devastating impact on Plaintiffs' overseas activities, including their financial and business interests abroad. Plaintiffs estimate that—as a direct result of their designations—they have suffered close to 200 million Euros in damages, including expected lost income.

44.     Plaintiffs retain an ownership interest in a number of entities abroad. As a result of their designations, Plaintiffs have divested, or are in the process of

15

divesting, from these companies, losing out on substantial present and future income from these investments.

45.     Entities in which Plaintiffs retain an ownership interest have also had retaliatory action taken against them, as foreign partners have cancelled contracts to avoid their own potential exposure to U.S. sanctions. Such contracts, in Plaintiffs' estimation, total over 500 million Euros and have cost Plaintiffs—in light of their investments in such entities—substantial present and future income and have undermined their ability to sustain their own investment in such entities in the future.

46.     Plaintiffs maintain bank accounts at foreign financial institutions. These accounts—which hold more than 30 million Euros in their funds—have been almost uniformly blocked, as banks refuse to process transactions involving Plaintiffs and are seeking to cease the provision of any financial services to them. Defendants' unlawful action has thus left Plaintiffs unable to access their funds abroad or keep the most basic banking relationships with foreign banks.

47.     Unable to access their own funds, Plaintiffs have also been cut off from their credit institutions, rendering it difficult to sustain their economic livelihoods and those of their families. Plaintiffs maintained a number of credit cards with institutions such as American Express, CitiBank, First Century Bank, and Bank of America, and each of these credit cards have been cancelled in the immediate wake of Defendants' unlawful action. Moreover, credit institutions have cancelled, or

16

denied, credit to Plaintiff's relations, including wife and children, and Plaintiffs and their families have had tremendous difficulties paying for basic items such as food and utilities. In addition, Plaintiffs have been unable to transfer funds to support their children who attend schools overseas, including through the provision of funds to support meals, travel, and other personal expenses while at school.

48.     Prior to their designations, Plaintiffs and their companies were prepared to enter into new business relationships or arrangements with international partners, including those in Europe. Because of their designations, all negotiations or discussion regarding such new business relationships or arrangements have been put on immediate hold. This has cost Plaintiffs valuable future income.

### c.     Reputational Harms

49.     In undertaking its designation action, Defendants falsely and arbitrarily claimed that Plaintiffs are "key actors" in Iran's nuclear and ballistic missile programs. Press Release, U.S. Dep't of Treasury, Office of Foreign Assets Control, Treasury Sanctions Key Actors in Iran's Nuclear and Ballistic Missile Programs (Sept. 21, 2020). In doing so, Defendants have maligned Plaintiffs' good names, marring their business reputations and causing untold future harm to their ability to restore their reputations and economic livelihoods in the future.

50.     As a direct result of their designation, Plaintiffs have been pushed out of companies which they founded or maintained a substantial ownership interest in,

as these companies lost business contracts and sales due to their association with Plaintiffs as U.S.-designated persons. In addition, foreign banks and credit card companies have ceased their relationship with Plaintiffs out of legal concerns, making it extremely difficult for them to sustain their economic livelihoods.

## LEGAL CLAIMS

### COUNT I

DEFENDANTS' DESIGNATION OF PLAINTIFFS UNDER E.O. 13382 CONSTITUTES ARBITRARY AND CAPRICIOUS AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT

51.   Plaintiffs re-allege and incorporate by reference as if fully set forth herein the allegations in all preceding paragraphs.

52.   Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A).

53.   Defendants' designation of Plaintiffs and their findings and conclusions in support of this designation are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law in violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*

### COUNT II

DEFENDANTS' DESIGNATION OF PLAINTIFFS UNDER E.O. 13382 IS IN EXCESS OF STATUTORY JURISDICTION, LIMITATIONS, OR

AUTHORITIES IN VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

54.     Plaintiffs re-allege and incorporate by reference as if fully set forth herein the allegations in all preceding paragraphs.

55.     Agency action, findings, and conclusions found to be in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(C).

56.     Defendants' designation of Plaintiffs under E.O. 13382 and their findings and conclusions in support thereof are in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, in violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. Defendants designated Plaintiffs on the basis of conduct that was not sanctionable at the time in which Plaintiffs purportedly engaged in it. E.O. 13382 authorizes Defendants to designate persons that act or purport to act for or on behalf of, directly or indirectly, a blocked person, but Mammut Industrial Group was not blocked at the time of the purported conduct that served as the basis for Plaintiffs' designation.

**COUNT III**

DEFENDANTS' DESIGNATION OF PLAINTIFFS UNDER E.O. 13382 VIOLATES THE FAIR NOTICE REQUIREMENT UNDER THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION

19

57.    Plaintiffs re-allege and incorporate by reference as if fully set forth herein the allegations in all preceding paragraphs.

58.    Under the Due Process Clause of the Fifth Amendment, Defendants must provide fair notice of conduct that is prohibited or sanctionable or conduct that is otherwise required by law. Failure to provide fair notice merits setting aside the penalty or sanction imposed.

59.    Defendants failed to provide Plaintiffs with fair notice of conduct that is sanctionable in violation of the Fifth Amendment's Due Process Clause, as Plaintiffs were designated for acting or purporting to act for or on behalf of Mammut Industrial Group at a time in which it was not a blocked person under E.O. 13382.

## COUNT IV

### DEFENDANTS' DESIGNATION OF PLAINTIFFS UNDER E.O. 13382 AND THE IMPOSITION OF SANCTIONS ON THEM AND THEIR U.S. PROPERTIES VIOLATES THEIR FOURTH AMENDMENT RIGHTS TO BE FREE FROM UNREASONABLE SEIZURES

60.    Plaintiffs re-allege and incorporate by reference as if fully set forth herein the allegations in all preceding paragraphs.

61.    Under the Fourth Amendment to the U.S. Constitution, Plaintiffs have a right to be free from unreasonable searches and seizures.

62.    Defendants' designation of Plaintiffs under E.O. 13382; their imposition of sanctions; and their blocking of Plaintiffs' U.S. properties constitute

an unlawful seizure of Plaintiffs' U.S. properties in violation of their Fourth Amendment rights to be free from unreasonable seizures.

## COUNT V

### DEFENDANTS' DESIGNATION OF PLAINTIFFS UNDER E.O. 13382 IS CONTRARY TO CONSTITUTIONAL RIGHT, POWER, PRIVILEGE, OR IMMUNITY IN VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

63.    Plaintiffs re-allege and incorporate by reference as if fully set forth herein the allegations in all preceding paragraphs.

64.    Under the APA, courts are required to hold unlawful and set aside agency action, findings, or conclusions found to be contrary to constitutional right, power, privilege, or immunity. 5 U.S.C. § 706(2)(B).

65.    Defendants' failure to provide notice that acting or purporting to act for or on behalf of an entity that is not yet blocked under E.O. 13382 is sanctionable prior to designating Plaintiffs violates their constitutional rights under the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

66.    Defendants' designation of Plaintiffs under E.O. 13382 and the blocking of their U.S.-based assets is contrary to Plaintiffs' constitutional right to be free from unreasonable seizures under the Fourth Amendment to the U.S. Constitution.

## COUNT VI

21

DEFENDANTS' DESIGNATION OF PLAINTIFFS UNDER E.O. 13382 AND THEIR FAILURE TO ACCORD PLAINTIFFS SUFFICIENT NOTICE OF THE DESIGNATION VIOLATES THEIR FIFTH AMENDMENT RIGHT TO DUE PROCESS

67.     Plaintiffs re-allege and incorporate by reference as if fully set forth herein the allegations in all preceding paragraphs.

68.     Under the Fifth Amendment to the U.S. Constitution, Plaintiffs have a right to post-deprivation notice. Sufficient notice requires Defendants to provide Plaintiffs with the reasons for their designation so as to permit them a meaningful opportunity to respond to Defendants' action.

69.     Defendants have not provided sufficient notice for their determination that Plaintiffs meet the criteria for designation under E.O. 13382—i.e., that Plaintiffs are persons that act or purport to act for or on behalf of, directly or indirectly, Mammut Industrial Group, a blocked person under E.O. 13382. Defendants have not provided any findings relied upon, nor any conclusions rendered, in determining that Plaintiffs meet the criteria for designation under E.O. 13382 and have withheld disclosure of the administrative record—including the evidentiary memorandum—underlying their designation action.

**COUNT VII**

DEFENDANTS' FAILURE TO PROVIDE NOTICE OF THE REASONS FOR PLAINTIFFS' DESIGNATION UNDER E.O. 13382 VIOLATES THE ADMINISTRATIVE PROCEDURE ACT

22

70.     Plaintiffs re-allege and incorporate by reference as if fully set forth herein the allegations in all preceding paragraphs.

71.     Agency action, findings, and conclusions found to be not in accordance with law or without observance of procedure required by law shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A) and (D).

72.     Defendants' designation of Plaintiffs under E.O. 13382 and their determination that they meet the criteria for designation under that authority is arbitrary, capricious, not in accordance with law, and without observance of procedure required by law in violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. This is because Defendants have failed to provide Plaintiffs with adequate notice of the reasons for his designation.

## RELIEF REQUESTED

Wherefore, Plaintiffs respectfully request that this Court:

A.     Issue an order vacating Behzad Ferdows' designation under E.O. 13382;

B.     Issue an order vacating Mehrzad Ferdows' designation under E.O. 13382;

C.     Order Defendants to rescind Behzad Ferdows' designation under E.O. 13382;

23

D.  Order Defendants to rescind Mehrzad Ferdows' designation under E.O. 13382;

E.  Declare Behzad Ferdows' designation under E.O. 13382 to be unlawful;

F.  Declare Mehrzad Ferdows' designation under E.O. 13382 to be unlawful;

G.  Order Defendants to disclose the full administrative record, including the evidentiary memorandum and its related exhibits, underlying Plaintiffs' designation under E.O. 13382 or otherwise provide sufficient alternative means by which Plaintiffs may be provided constitutionally adequate notice of the reasons for their designation under E.O. 13382;

H.  Order Defendants to provide Plaintiffs with sufficiently specific unclassified summaries of the classified or privileged portions of the evidentiary memorandum relating to the basis for Plaintiffs' designation under E.O. 13382;

I.  Conduct *in camera* review of any redactions made to the administrative record, including the evidentiary memorandum and its attached exhibits, underlying Plaintiffs' designations to ensure that any such redactions have made consistent with, and are appropriately and narrowly tailored to, the demands of the law;

24

J.     Grant an award to Plaintiffs of their costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq*., and any other applicable provision of law; and

K.     Any other and further relief as the Court may deem proper.

DATED:   November 3, 2020                   **SCHNEBERG LAW PC**
                                            **FERRARI & ASSOCIATES**


                                            /s/
                                            KYLE P. SCHNEBERG,
                                            Attorney for Plaintiffs

25